## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY PROJECT, <br> 1612 K. St. NW, Suite 1100 <br> Washington, DC 20006 <br><br> **Plaintiff,** <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br> Office of the General Counsel <br> Room 107W, Whitten Building <br> 1400 Independence Ave., SW <br> Washington, DC 20250 <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1.      Plaintiff GOVERNMENT ACCCOUNTABILITY PROJECT brings this suit to force Defendant UNITED STATES DEPARTMENT OF AGRICULTURE to conduct a reasonable search, issue a determination, and produce records regarding the agency's response to potential agricultural contamination following the February 3, 2023, Norfolk Southern train derailment and subsequent open burning of vinyl chloride tanks in East Palestine, Ohio.

## PARTIES

2.      Plaintiff GOVERNMENT ACCCOUNTABILITY PROJECT ("GAP") is a nonprofit whistleblower protection and advocacy organization and is the FOIA requester in this case.

3.      Defendant UNITED STATES DEPARTMENT OF AGRICULTURE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4.    This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

5.    Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MAY 28, 2025 FOIA REQUEST TO USDA

6.    On May 28, 2025, Plaintiff submitted a FOIA request to USDA seeking all records regarding the agency's response to potential agricultural contamination following the February 3, 2023, Norfolk Southern train derailment and subsequent open burning of vinyl chloride tanks in East Palestine, Ohio, including but not limited to the following:

a. Testing records and data
b. Communications and coordination
c. Decision-making records
d. Public communications
e. Internal deliberations
f. Regulatory and enforcement actions

7.    A true and correct copy of the complete FOIA request is attached as Exhibit 1.

8.    On June 9, 2025, USDA assigned reference number 2025-FPAC-BC-07351-F, produced 12 pages of records with redactions, and withheld 69 pages of records pursuant to Exemption (b)(5)/deliberative process privilege and Exemption (b)(6).

9.    A true and correct copy of the response letter is attached as Exhibit 2.

10.    On June 18, 2025, Plaintiff administratively appealed the Exemption (b)(5) and (b)(6) withholdings.

11.    A true and correct copy of the correspondence is attached as Exhibit 3.

12.    On June 23, 2025, USDA acknowledged receipt of the administrative appeal and assigned reference number 2025-FPAC-NRCS-00069-A to the matter.

13.    A true and correct copy of the correspondence is attached as Exhibit 4.

14.     On July 23, 2025, USDA "determined that the FOIA Office did not accurately process [the] FOIA request" and remanded the matter for further processing.

15.     A true and correct copy of the correspondence is attached as Exhibit 5.

16.     On July 23, 2025, USDA responded to the remanded request and produced 43 pages in full and 38 pages redacted in part under Exemptions (b)(5) and (b)(6).

17.     A true and correct copy of the response letter is attached as Exhibit 6.

18.     On July 25, 2025, Plaintiff administratively appealed the application of Exemptions (b)(5) and (b)(6) to the 38 partially-redacted pages produced in USDA's most recent response.

19.     A true and correct copy of the appeal letter is attached as Exhibit 7.

20.     On July 25, 2025, USDA issued two acknowledgement letters pertaining to the administrative appeal, with one letter addressing documents originating from the Farm Service Agency ("FSA") and the other addressing documents originating from the Natural Resources Conservation Service ("NRCS").

21.     True and correct copies of the FSA and NRCS acknowledgement letter are attached as Exhibits 8 and 9, respectively.

22.     On January 27, 2026, USDA responded to the portion of Plaintiff's administrative appeal concerning FSA records.  USDA removed some of the redactions to the production and maintained some redactions pursuant to Exemption (b)(5) citing deliberative process privilege in addition to Exemption (b)(6).

23.     True and correct copies of the FSA response letter and production are attached as Exhibits 10 and 11, respectively.

24.     On January 30, 2026, USDA responded to the portion of Plaintiff's administrative appeal concerning NRCS records.  USDA removed some of the redactions to the production and

maintained some redactions pursuant to Exemption (b)(5) citing deliberative process privilege in addition to Exemption (b)(6) and Exemption (b)(9).

25. True and correct copies of the NRCS response letter and production are attached as Exhibits 12 and 13, respectively.

26. On February 24, 2026, Plaintiff administratively appealed the most recent response from USDA.

27. A true and correct copy of the administrative appeal letter is attached as Exhibit 14.

28. On March 3, 2026, USDA stated that the determination letters issued on January 27, 2026, and January 30, 2026, are the "final administrative determinations" and informed Plaintiff of its right to seek judicial review of the decision in U.S. District Court.

29. A true and correct copy of the correspondence is attached as Exhibit 15.

## COUNT I – USDA'S FOIA VIOLATION

30. Paragraphs 1-29 are incorporated by reference.

31. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

32. Defendant USDA is a federal agency subject to FOIA.

33. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

34. Defendant USDA has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendant has violated FOIA;

ii. order Defendant to produce the requested records promptly;

iii. enjoin Defendant from withholding non-exempt public records under FOIA;

- 4 -

iv.      award Plaintiff attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: April 17, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
GOVERNMENT ACCCOUNTABILITY
PROJECT

Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com